UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                    :
MERRILL LYNCH BUSINESS FINANCIAL   :
SERVICES INC.,                                  :         07 CV ____ (___)
                                                    :
                         Plaintiff,              :
                                                    :
                      -against-             :
                                                    :
J.S. SUAREZ, INC., RAMONA SUAREZ, MATTHEW   :
SUAREZ, and "JOHN DOE #1" THROUGH       :
"JOHN DOE #12 the last twelve names being fictitious  :
 and unknown to plaintiff, being persons having or    :
claiming an interest in or lien upon the chattel described  :
in  the complaint,                              :
                                                    :
                      Defendants.          :
                                                    :
------------------------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION FOR A SEIZURE ORDER**

      In 2004, plaintiff granted defendant J.S. Suarez, Inc. a $600,000 commercial line of credit, which it agreed to repay upon maturity. In exchange, J.S. Suarez, Inc. signed a note and security agreement granting plaintiff a security interest in its accounts, inventory, and other items ("Collateral"). The note and security agreement provide that plaintiff is entitled to take possession of the Collateral upon a default "without any prior notice." The line of credit has expired but J.S. Suarez, Inc. has not repaid the debt and has refused to turn-over the Collateral. The present motion seeks: (a) an order of seizure of plaintiff's Collateral wrongfully held by J.S. Suarez, Inc., pursuant to FRCP Rule 64 and NY CPLR § 7102; and (b) an order scheduling the deposition of one of J.S. Suarez, Inc.'s principals for the purpose of determining the complete whereabouts of all of plaintiff's Collateral, pursuant to FRCP Rule 26(d) and NY CPLR § 7112.

**Statement of Facts**

MLBFS was granted a security interest in the Collateral pursuant to the WCMA Loan and Security Agreement No. 850-07A36, dated June 16, 2004 ("WCMA Note," Ex. A; annexed as Ex. A to the Declaration of Daniel J. Downs, sworn to October 31, 2006 ("Downs Dec.")), which was granted by J.S. Suarez, Inc. to MLBFS in exchange for a commercial line of credit in the amount of $600,000. (Ex. A ¶ 1.1, "Maximum Line of Credit", and ¶ 3.4(a), (b); all references to exhibits are to those of the Downs Dec.)

The Collateral consists of all accounts, chattel paper, contract rights, inventory, equipment, deposit accounts, documents, instruments, investment property and financial assets, wherever located, and all the proceeds thereof of J.S. Suarez, Inc. (Ex. A ¶ 1.1, "Collateral".) MLBFS holds a perfected security interest in the Collateral inasmuch as on July 7, 2004, it filed a UCC Financing Statement with the New York Secretary of State. (Ex. B.)

Additionally, on or about July 15, 2002, defendants Ramona Suarez and Matthew Suarez (collectively, the "Guarantors") gave MLBFS their absolute and unconditional guaranties (the "Guaranties") of J.S. Suarez, Inc.'s indebtedness under the WCMA Note (Ex. C.) At all relevant times, defendants Ramona Suarez and Matthew Suarez were principals of J.S. Suarez, Inc.; they are siblings.

Under the WCMA Note, J.S. Suarez, Inc. agreed to repay to MLBFS all sums loaned by the maturity date or upon termination of the line of credit. (Ex. A ¶ 2.1(a).)

Additionally, J.S. Suarez, Inc. agreed in the WCMA Note that its uncured failure to pay constitutes an "Event of Default". (Ex. A ¶ 3.5(c).) When an Event of Default occurs under the WCMA Note, the line of credit terminates and the full indebtedness becomes due. (Ex. A ¶ 3.6(a)(i),(ii).)

The line of credit originally matured on June 30, 2005, but was extended subject to plaintiff's

determination of the creditworthiness of J.S. Suarez, Inc. (Downs Dec. ¶ 7.)

On June 5, 2007, plaintiff and J.S. Suarez, Inc. entered into an amendment and extension agreement whereby the maturity of the line of credit established under the WCMA Note was extended to September 30, 2007. (Ex. D.)

The debt matured on September 30, 2007 making it fully due, however, J.S. Suarez, Inc. failed to repay it. (Downs Dec. ¶ 9.)

MLBFS sent J.S. Suarez, Inc. a demand notice on October 1, 2007 demanding repayment (Ex. E), but J.S. Suarez, Inc. failed to comply. (Downs Dec. ¶ 10.)

MLBFS sent J.S. Suarez, Inc. a notice of default on October 9, 2007 again demanding repayment and notifying defendants of the occurrence of an Event of Default (Ex. F), but J.S. Suarez, Inc. failed to repay the debt. (Downs Dec. ¶ 11.)

Upon the occurrence of an Event of Default under the WCMA Note, MLBFS is entitled, among other things, to: (a) "without any prior notice to [J.S. Suarez, Inc.]," obtain possession of the Collateral (Ex. A ¶ 3.6(a)(iv)); (b) "take control in any lawful manner of any cash or non-cash items of payment or proceeds of Collateral" (*id*. ¶ 3.6(a)(viii)); (c) "require [J.S. Suarez, Inc.] to forthwith upon receipt, transmit and deliver to MLBFS in the form received, all cash, checks, drafts and other instruments for the payment of money" (*id*. ¶ 3.6(a)(vi)); and (d) "exercise any or all of the remedies of a secured party under applicable law and in equity, including, but not limited to, the UCC" (*id*. ¶ 3.6(a)(iii)).

As of October 29, 2007, J.S. Suarez, Inc. and the Guarantors owe MLBFS the sum of $226,451.14, which includes interest due under the loans through such date and late fees, exclusive of further accrued interest and attorneys' fees, which are specifically recoverable under the loan agreements. (Downs Dec. ¶ 13.)

The precise current aggregate value of the Collateral claimed in which MLBFS seeks possession is unknown, however, the requirement for an undertaking has been waived by the written consent of the parties in the WCMA Note which states that J.S. Suarez, Inc., "irrevocably waives to the fullest extent permitted by law any bonds and any surety or security relating thereto required by any statute, court rule or otherwise as an incident to such possession." (Ex. A ¶ 3.6(f).)

**PLAINTIFF IS ENTITLED TO A SEIZURE ORDER**

Article 71 of the NY CPLR is made applicable to this proceeding by FRCP Rule 64. *Honeywell Information Systems, Inc. v. Demographic Systems, Inc.*, 396 F. Supp. 273, 274 (S.D.N.Y. 1975); *see also Licensing Services International v. Howe Chemical Co., Inc.*, 1995 WL 744996 (E.D.N.Y. Dec. 6, 1995).

CPLR §7101 provides that: "An action under this article may be brought to try the right to possession of a chattel[1]." In such an action, the sole issue is which party has the "superior possessory right" to the chattels. *Christie's Inc. v. Davis*, 247 F.Supp.2d 414, 419 (S.D.N.Y. 2001) (*quoting Honeywell Information Systems, Inc.*). Under CPLR §7102(c), an application for a seizure order must be supported by an affidavit setting forth a number of factual items, which plaintiff has submitted in the form of the sworn to Downs Dec.

MLBFS has shown that its holds a perfected security interest in the Collateral and that J.S.

---

[1] NY General Construction Law §15 provides the definition of "chattel" applicable to CPLR Article 71 by General Construction Law §110: "The term chattels includes goods and chattels; and, where the term appears in any statute or rule pertaining to an action to recover the same, it also includes all specific personal property, such as, but not limited to, certificates of stock, bonds, notes, or other securities or obligations." The statute recognizes that chattel is distinguishable from real property and includes mere paper and "obligations." It is broadly worded so as to include "*all* specific personal property" and its reference to "certificates of stock, bond, notes or other securities or obligations" is by illustration, not limitation. Thus, accounts (which includes accounts receivables), chattel paper, deposit accounts (also bank accounts), investment property, financial assets and the proceeds thereof are chattel subject to seizure under New York law pursuant to GCL §15. *E.g.*, *Phoenix Home Life Mutual Insurance Co. v. Brown*, 857 F. Supp. 7 (W.D.N.Y. 1994) (identifiable corporate records are properly the subject of replevin actions); *Horowitz v. Securities Clearance Corp.*, 27 Misc.2d 739, 211 N.Y.S.2d 673 (Sup. Ct., NY Co. 1961) (pledged securities are chattel); *Weissman v. Weissman*, 11 N.Y.S.2d 1008 (2nd Dep't 1939) (insurance policies are chattel).

Suarez, Inc. has defaulted under the governing documents entitling MLBFS to possession of the Collateral. (Downs Dec. ¶¶'s 2-13.) J.S. Suarez, Inc. explicitly agreed in the WCMA Note that upon default MLBFS is entitled to obtain possession of the Collateral "without any prior notice", as well as to exercise its rights under the UCC. (Ex. A ¶ 3.6(a)(iii), (iv)); s*ee* UCC 9-609(a)(1) (permits secured party to take possession of collateral upon debtor's default.))

It should be noted that although CPLR §7102(a) and (e) require an undertaking in connection with a seizure order, the requirement for an undertaking has been waived by the written consent of J.S. Suarez, Inc. in the WCMA Note which states that J.S. Suarez, Inc., "irrevocably waives to the fullest extent permitted by law any bonds and any surety or security relating thereto required by any statute, court rule or otherwise as an incident to such possession." (Ex. A ¶ 3.2(iii).) Such a waiver ought to be given effect. *See Helene Curtis v. National Wholesale Liquidators, Inc.*, 890 F.Supp. 152 (E.D.N.Y.1995) (defendant permitted to waive bond requirement under FRCP 65).

Finally, plaintiff requests the scheduling of the deposition of one of J.S. Suarez, Inc.'s principals, Ramona Suarez or Matthew Suarez, for the purpose of determining the complete whereabouts of the Collateral, including any bank accounts where the proceeds of the Collateral may be deposited, as well as a list of account debtors which plaintiff is entitled to contact. (Ex. A ¶ 3.6(a)(vii).) This information is required to be provided to plaintiff under the WCMA Note. (Ex. A ¶ 3.2(iii).) *See* FRCP Rule 26(b), CPLR § 7112.

**Conclusion**

For the reasons stated above, it is respectfully requested that plaintiff's motion be granted.

Dated:  New York, New York
        October 31, 2007

                                          SPENCER L. SCHNEIDER (SS-2471)

                                          _____
                                          Attorney for Plaintiff
                                          70 Lafayette Street, 7th Floor
                                          New York, NY 10013
                                          Tel: 212-233-7400
                                          Fax: 212-233-9713
                                          sschneider@slsatty.com