UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MERRILL LYNCH BUSINESS FINANCIAL
SERVICES INC.,

                    Plaintiff,

                 -against-

J.S. SUAREZ, INC., RAMONA SUAREZ, MATTHEW
SUAREZ, and "JOHN DOE #1" THROUGH
JOHN DOE #12" the last twelve names being fictitious
and unknown to plaintiff, being persons having or
claiming an interest in or lien upon the Collateral described
in the complaint,

                   Defendants.
------------------------------------------------------------------x

07 CV ____ (____)

**DECLARATION OF
DANIEL J. DOWNS**

I, Daniel J. Downs, declare as follows:

1. I am a Vice President of plaintiff Merrill Lynch Business Financial Services Inc. ("MLBFS"). I make this declaration, on personal knowledge, in support of MLBFS's motion under Fed.R.Civ.P. Rule 64 and Article 71 of the NY CPLR, for an order of seizure of certain collateral ("Collateral") wrongfully held by defendant J.S. Suarez, Inc. This motion also seeks an order scheduling of the deposition of one of J.S. Suarez, Inc.'s principals, Ramona Suarez or Matthew Suarez, for the purpose of determining the complete whereabouts of the Collateral.

Facts

2. MLBFS was granted a security interest in the Collateral pursuant to the WCMA Loan and Security Agreement No. 850-07A36 ("WCMA Note," Ex. A), dated June 16, 2004 which was granted by J.S. Suarez, Inc. to MLBFS in exchange for a commercial line of credit in the amount of $600,000. (Ex. A ¶ 1.1, "Maximum Line of Credit", and ¶ 3.4(a), (b).)

3. The Collateral consists of all accounts, chattel paper, contract rights, inventory, equipment, deposit accounts, documents, instruments, investment property and financial assets, wherever located, and all the proceeds thereof of J.S. Suarez, Inc. (Ex. A ¶ 1.1, "Collateral".) MLBFS holds a perfected security interest in the Collateral inasmuch as on July 7, 2004, it filed a UCC Financing Statement with the New York Secretary of State. (Ex. B.)

4. Additionally, on or about July 15, 2002, defendants Ramona Suarez and Matthew Suarez (collectively, the "Guarantors") gave MLBFS their absolute and unconditional guaranties (the "Guaranties") of J.S. Suarez, Inc.'s indebtedness under the WCMA Note (Ex. C.) At all relevant times, defendants Ramona Suarez and Matthew Suarez were principals of J.S. Suarez, Inc.; they are siblings.

5. Under the WCMA Note, J.S. Suarez, Inc. agreed to repay to MLBFS all sums loaned by the maturity date or upon termination of the line of credit. (Ex. A ¶ 2.1(a).)

6. Additionally, J.S. Suarez, Inc. agreed in the WCMA Note that its uncured failure to pay constitutes an "Event of Default". (Ex. A ¶ 3.5(c).) When an Event of Default occurs under the WCMA Note, the line of credit terminates and the full indebtedness becomes due. (Ex. A ¶ 3.6(a)(i),(ii).)

7. The line of credit originally matured on June 30, 2005, but was extended subject to plaintiff's determination of the creditworthiness of J.S. Suarez, Inc.

8. On June 5, 2007, plaintiff and J.S. Suarez, Inc. entered into an amendment and extension agreement whereby the maturity of the line of credit established under the WCMA Note was extended to September 30, 2007. (Ex. D.)

9. The debt matured on September 30, 2007 making it fully due, however, J.S. Suarez, Inc. failed to repay it.

10. MLBFS sent J.S. Suarez, Inc. a demand notice on October 1, 2007 demanding repayment

(Ex. E), but J.S. Suarez, Inc. failed to comply.

11. MLBFS sent J.S. Suarez, Inc. a notice of default on October 9, 2007 again demanding repayment and notifying defendants of the occurrence of an Event of Default (Ex. F), but J.S. Suarez, Inc. failed to repay the debt.

12. Upon the occurrence of an Event of Default under the WCMA Note, MLBFS is entitled, among other things, to: (a) "without any prior notice to [J.S. Suarez, Inc.]," obtain possession of the Collateral (Ex. A ¶ 3.6(a)(iv)); (b) "take control in any lawful manner of any cash or non-cash items of payment or proceeds of Collateral" (*id.* ¶ 3.6(a)(viii)); (c) "require [J.S. Suarez, Inc.] to forthwith upon receipt, transmit and deliver to MLBFS in the form received, all cash, checks, drafts and other instruments for the payment of money" (*id.* ¶ 3.6(a)(vi)); and (d) "exercise any or all of the remedies of a secured party under applicable law and in equity, including, but not limited to, the UCC" (*id.* ¶ 3.6(a)(iii)).

13. As of October 29, 2007, J.S. Suarez, Inc. and the Guarantors owe MLBFS the sum of $226,451.14, which includes interest due under the loans through such date and late fees, exclusive of further accrued interest and attorneys' fees, which are specifically recoverable under the loan agreements.

14. The precise current aggregate value of the Collateral claimed in which MLBFS seeks possession is unknown, however, the requirement for an undertaking has been waived by the written consent of the parties in the WCMA Note which state that J.S. Suarez, Inc., "irrevocably waives to the fullest extent permitted by law any bonds and any surety or security relating thereto required by any statute, court rule or otherwise as an incident to such possession." (Ex. A ¶ 3.6(f).)

15. Finally, plaintiff requests the scheduling of the deposition of one of J.S. Suarez, Inc.'s principals, Ramona Suarez or Matthew Suarez, for the purpose of determining the complete whereabouts of the Collateral, including any bank accounts where the proceeds of the Collateral may be

deposited, as well as a list of account debtors which plaintiff is entitled to contact. (Ex. A ¶ 3.6(a)(vii).) This information is required to be provided to plaintiff under the WCMA Note. (Ex. A ¶ 3.2(iii).)

16. The Complaint in this action is annexed as Ex. G, exclusive of the exhibits which overlap with the exhibits annexed to this declaration.

17. MLBFS knows of no defense to this claim.

18. MLBFS has not sought nor will seek any other provisional remedy, nor has any prior application for the relief sought herein been made.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on the date set forth below.

DATED this 31st day of October 2007

_____
Daniel J. Downs