```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                          :
                                                          :
MERRILL LYNCH BUSINESS FINANCIAL                          :
SERVICES INC.,                                            :     07 CV 9728 (NRB)
                                                          :
                                                          :
            Plaintiff,                                    :     **FIRST AMENDED**
                                                          :     **COMPLAINT**
            -against-                                     :
                                                          :
J.S. SUAREZ, INC., RAMONA SUAREZ, MATTHEW                 :
SUAREZ, SUAREZ NEW YORK LLC,                              :
and "JOHN DOE #1" THROUGH "JOHN DOE #12"                  :
the last twelve names being fictitious                    :
and unknown to plaintiff, being persons having or         :
claiming an interest in or lien upon the chattel described:
in  the complaint,                                        :
                                                          :
            Defendants.                                   :
                                                          :
------------------------------------------------------------------------x
```

Plaintiff, Merrill Lynch Business Financial Services Inc., by its attorney, Spencer Schneider, complains of defendants as follows:

Parties

1.  Merrill Lynch Business Financial Services Inc. ("MLBFS") is incorporated under the laws of the State of Delaware with its principal place of business at 222 N. LaSalle Street, Chicago, Illinois 60601.

2.  Defendant J.S. Suarez, Inc. is a New York corporation with its principal place of business at 5 West 56th Street, New York, NY 10019.

3.  Defendant Ramona Suarez is domiciled at 515 East 83rd Street, Apt 2A, New York, NY 10028.

4.  Defendant Matthew Suarez is domiciled at 250 East 73rd Street, Apt 18G, New York, NY 10021.

5. Defendant Suarez New York LLC is a New York limited liability complaint with its principal place of business located at 5 West 56th Street, New York, NY 10019.

6. Upon information and belief, defendants "John Doe #1" through "John Doe #12", are fictitious and unknown to plaintiff, being persons having or claiming an interest in or lien upon the chattel described hereinafter.

Jurisdiction and Venue

7. Subject matter jurisdiction exists under 28 USC §1332 because there is complete diversity and the amount in controversy exceeds $75,000 exclusive of interest and costs.

8. Venue exists under 28 USC §1391 because all defendants reside in this district.

Facts

9. On or about June 16, 2004, J.S. Suarez, Inc. and MLBFS entered into a WCMA Loan and Security Agreement ("WCMA Note"), and MLBFS granted J.S. Suarez, Inc. a $600,000 commercial line of credit, which J.S. Suarez, Inc. promised to repay.

10. A copy of the WCMA Note is attached as Ex. A.

11. As inducement for the line of credit, J.S. Suarez, Inc. granted MLBFS a security interest in all of J.S. Suarez, Inc.'s accounts, chattel paper, contract rights, inventory, equipment, deposit accounts, documents, instruments, investment property and financial assets, wherever located, and all the proceeds thereof (the "Collateral").

12. On July 7, 2004, MLBFS filed a UCC Financing Statement with the New York Department of State, thereby perfecting its lien on the Collateral.

13. A copy of the UCC filing is attached as Ex. B hereto.

14. In order to further induce MLBFS to grant the line of credit to J.S. Suarez, Inc., on or about June 16, 2004, defendants Ramona Suarez and Matthew Suarez gave MLBFS their

absolute and unconditional guaranties of J.S. Suarez, Inc.'s ("Guaranties") indebtedness under the WCMA Note. Ramona Suarez and Matthew Suarez, who are siblings, are principals of J.S. Suarez, Inc.

15. Copies of these Guaranties are attached as Ex. C.

16. Under the WCMA Note, J.S. Suarez, Inc. promised to repay to MLBFS, upon maturity, all unpaid amounts of all monies lent by MLBFS to it, including interest and any late fees, as well as attorneys' fees incurred in collecting the loan, and it waived, inter alia, presentment, demand for payment, protest, notice of protest, and notice of dishonor, notice of acceleration, notice of intent to accelerate and all other notices and formalities.

17. Additionally, J.S. Suarez, Inc. agreed in the WCMA Note that its uncured failure to pay constitutes an "Event of Default". When an Event of Default occurs under the WCMA Note, the line of credit terminates and the full indebtedness becomes due.

18. The line of credit originally matured on June 30, 2005, but was extended subject to plaintiff's determination of the creditworthiness of J.S. Suarez, Inc.

19. On June 5, 2007, plaintiff and J.S. Suarez, Inc. entered into an amendment and extension agreement whereby the maturity of the line of credit established under the WCMA Note was extended to September 30, 2007.

20. A copy of this amendment and extension agreement is annexed as Ex. D.

21. The debt matured on September 30, 2007 making it fully due, however, J.S. Suarez, Inc. failed to repay it.

22. MLBFS sent J.S. Suarez, Inc. a demand notice on October 1, 2007 demanding repayment (Ex. E), but J.S. Suarez, Inc. failed to comply.

23. MLBFS sent J.S. Suarez, Inc. a notice of default on October 9, 2007 again de-

manding repayment and notifying defendants of the occurrence of an Event of Default (Ex. F), but J.S. Suarez, Inc. failed to repay the debt.

24. As of October 29, 2007, defendants owe MLBFS the sum of $226,451.14, which includes interest accrued under the WCMA Note and Guaranties through such date and late fees, exclusive of further accrued interest, and attorneys' fees which are specifically recoverable under the loan agreements.

25. Upon information and belief, in or about October 2007, assets of J.S. Suarez, Inc., including its inventory, were transferred in bulk to defendant Suarez New York LLC, a company of which defendants Ramona Suarez and Matthew Suarez are principals.

26. The transfer of J.S. Suarez, Inc.'s assets to Suarez New York LLC constituted a breach of the WCMA Note, which prohibits transfer of the Collateral except in the ordinary course of business.

### FIRST CAUSE OF ACTION AGAINST J.S. SUAREZ, INC., RAMONA SUAREZ, and MATTHEW SUAREZ

27. Plaintiff incorporates by reference all the allegations contained in all the paragraphs above as though fully set forth herein.

28. The indebtedness owed and guaranteed by the defendants is outstanding and due.

29. Defendants breached the WCMA Note and the Guaranties by failing to repay the entire indebtedness.

30. Plaintiff has been damaged as a result of defendants' breaches in the amount of $226,451.14, plus interest and attorneys' fees accrued in collecting the debt and court costs.

WHEREFORE, plaintiff demands judgment, jointly and severally against defendants J.S. Suarez, Inc., Ramona Suarez, and Matthew Suarez, for damages in the amount of $226,451.14, plus interest, attorneys' fees accrued in collecting the debt and court costs.

SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

31. Plaintiff incorporates by reference all the allegations contained in all the paragraphs above as though fully set forth herein..

32. At the time of the commencement of this action and at all relevant times, the plaintiff was, and still is, entitled to possession of the Collateral by virtue of the breach of the WCMA Note.

33. That as of the date hereof, defendants have wrongfully withheld the Collateral from the possession of the plaintiff.

34. The current aggregate value of the Collateral claimed in which plaintiff seeks possession is unknown, however, the requirement for an undertaking has been waived by J.S. Suarez, Inc.

35. Plaintiff is entitled to seizure of the Collateral.

WHEREFORE, plaintiff demands judgment, jointly and severally against all defendants, for possession of the Collateral, together with attorneys' fees accrued in collecting the debt and court costs.

Dated: New York, New York
November 26, 2007

SPENCER L. SCHNEIDER (SS-2471)

_____
Attorney for Plaintiff
70 Lafayette Street, 7th Floor
New York, NY 10013
Tel: (212) 233-7400
Fax: (212) 233-9713
sschneider@slsatty.com