**EXHIBIT E**



Private Client Group

**Merrill Lynch Business**
**Financial Services Inc.**
222 North LaSalle Street
17th Floor
Chicago, IL 60601
TEL (312) 499-3287
FAX (312) 499-3252

**Daniel J. Downs**
**Vice President**

October 1, 2007

<u>**VIA UPS OVERNIGHT MAIL**</u>

J.S. Suarez, Inc.
450 Park Avenue
New York, NY  10022
Attention: Matthew Suarez

<u>**DEMAND NOTICE**</u>

Ladies and Gentlemen:

This letter refers to certain agreements between Merrill Lynch Business Financial Services Inc. ("MLBFS") and J. S. Suarez, Inc. ("Customer"), with respect to the following documents:

(i)  a certain **WCMA LOAN AND SECURITY AGREEMENT NO. 850-07A36** dated as of June 16, 2004 between MLBFS and Customers, as thereafter renewed, extended, supplemented and or otherwise amended (the "Loan Agreement");

(ii)  those certain **UNCONDITIONAL GUARANTIES** dated as of June 16, 2004 given in favor of MLBFS by Ramona Suarez and Matthew Suarez (the "Guarantors"); and

(iii)  all other agreements between MLBFS and Customers, or any other party who has guaranteed or provided collateral, or will hereafter guarantee or provide collateral, for Customer's obligations to MLBFS.

For purposes of this letter, (a) the Loan Agreement, Unconditional Guaranties, and Other Agreements will collectively be referred to as the Loan Documents and (b) Customers and Guarantors will collectively be referred to as "Obligors". Capitalized terms used herein and not defined herein shall have the meaning set forth in the Loan Documents.

As you are aware, the Loan Agreement expired on September 30, 2007. Accordingly this letter will serve as your formal notice that: (a) the WCMA Line of Credit has matured, will not be renewed and has been in all respects terminated; (b) Customer has no further right to borrow funds under the Loan Documents, by check, wire transfer, Visa Charge, FFTS, or otherwise; (c) MLBFS will return without any such debits that Customer attempts to post to the WCMA Line of Credit from this date forward; (d) the WCMA Loans became accelerated and were immediately due and payable on September 30, 2007; and (e) an Event of Default will occur under the Loan Documents if payment in full is not received by October 8, 2007.

Accordingly, MLBFS hereby formally demands that the Obligors furnish MLBFS with the following items within 5 business days of the date of this letter:

<mark>Case 1:07-cv-09728-NRB    Document 18-4    Filed 11/26/2007    Page 3 of 19</mark>

**MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC.**

A certified or cashier's check for $526,781.79, plus any accrued and unpaid interest, late charges, attorney fees, collection costs and other charges allowable under the Loan Documents, payable to Merrill Lynch, for payment in full on WCMA Account No. 850-07A36.

**The Obligors are notified that their failure to comply with any or all of the aforementioned demands, jointly or severally, will immediately constitute an Event of Default under the Loan Documents.** Once an Event of Default has occurred and is continuing under the Loan Documents, MLBFS will have little choice but to: (1) immediately accelerate all Obligations; (2) take such lawful action as may be necessary to protect our rights in this matter, including, without limitation, the immediate institution of appropriate legal proceedings to enforce our rights under applicable law and/or the Loan Documents; and (3) **Initiate the "Default Rate of Interest" on the outstanding obligation.**

Notwithstanding anything contained in this letter, including, but not limited to, the time given to make payment, this letter (i) does not in any manner constitute any waiver of either (a) any of our rights, remedies or powers pursuant to the Loan Documents or any other agreement, document or instrument or applicable law or (b) any Event of Default (howsoever defined) under the Loan Documents; and (ii) is not to be construed as an agreement by us to allow any cure periods at a later date not specifically provided for in the Loan Documents or any other applicable agreement, document or instrument.

Please govern yourselves accordingly.

Sincerely,

Daniel Downs
Special Account Supervisor
(312) 499-3287

Cc:

Matthew Suarez
250 E. 73rd Street
Unit 18-G
New York, NY 10021

Ramona Suarez-Rose
515 E. 83rd Street
New York, NY 10028



## UPS CampusShip: View/Print Label

1. **Print the label(s):** Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the dotted line.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers without a Daily Pickup**
   o Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   o Hand the package to any UPS driver in your area.
   o Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS Return Services$^{SM}$ (including via Ground) are accepted at Drop Boxes.
   o To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.

   **Customers with a Daily Pickup**
   o Your driver will pickup your shipment(s) as usual.

FOLD HERE



## UPS CampusShip: View/Print Label

1. **Print the label(s):**  Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the dotted line.**  Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers without a Daily Pickup**
   - Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   - Hand the package to any UPS driver in your area.
   - Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS Return Services℠ (including via Ground) are accepted at Drop Boxes.
   - To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.

   **Customers with a Daily Pickup**
   - Your driver will pickup your shipment(s) as usual.

FOLD HERE



## UPS CampusShip: View/Print Label

1. **Print the label(s):** Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the dotted line.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers without a Daily Pickup**
   - Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   - Hand the package to any UPS driver in your area.
   - Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS Return Services℠ (including via Ground) are accepted at Drop Boxes.
   - To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.

   **Customers with a Daily Pickup**
   - Your driver will pickup your shipment(s) as usual.

FOLD HERE



**EXHIBIT F**

ate Client Group

**Merrill Lynch Business
Financial Services Inc.**
222 North LaSalle Street
17th Floor
Chicago, IL 60601
Tel: (312) 499-3287
Fax: (312) 499-3256

**Daniel J. Downs
Special Accounts Supervisor**

October 9, 2007

**Merrill Lynch**

**VIA UPS OVERNIGHT MAIL**

J.S. Suarez, Inc.
5 West 56th Street
New York, NY   10019
Attention: Matthew Suarez

## NOTICE OF DEFAULT AND DEMAND FOR PAYMENT

Ladies and Gentlemen:

Ladies and Gentlemen:

This letter refers to certain agreements between Merrill Lynch Business Financial Services Inc. ("MLBFS") and J. S. Suarez, Inc. ("Customer"), with respect to the following documents:

(i) a certain **WCMA LOAN AND SECURITY AGREEMENT NO. 850-07A36** dated as of June 16, 2004 between MLBFS and Customers, as thereafter renewed, extended, supplemented and or otherwise amended (the "Loan Agreement");

(ii) those certain **UNCONDITIONAL GUARANTIES** dated as of June 16, 2004 given in favor of MLBFS by Ramona Suarez and Matthew Suarez (the "Guarantors"); and

(iii) all other agreements between MLBFS and Customers, or any other party who has guaranteed or provided collateral, or will hereafter guarantee or provide collateral, for Customer's obligations to MLBFS.

For purposes of this letter, (a) the Loan Agreement, Unconditional Guaranties, and Other Agreements will collectively be referred to as the Loan Documents and (b) Customers and Guarantors will collectively be referred to as "Obligors". Capitalized terms used herein and not defined herein shall have the meaning set forth in the Loan Documents.

In a Demand Notice dated October 1, 2007, MLBFS informed the Customer and Guarantors that per the terms of the Loan Documents, the WCMA Loan Balance had matured and that entire outstanding balance was due in full. MLBFS demanded that you make a payment of no less than $526,781.79 to the WCMA on or before the close of business on Monday October 8, 2007. The Customer and Guarantors did not comply with this demand. Pursuant to the WCMA Loan Agreement, an Event of Default will occur if the Customer shall fail to pay to MLBFS or deposit into the WCMA Account when due any Obligation within five (5) Business Days after written notice thereof.

In light of the above-mentioned event of default, the Customer is hereby formally notified that Defaults and Events of Default exist under the WCMA Loan Agreement and as a consequence thereof MLBFS has elected, pursuant to the Loan Documents, to declare principal of and interest on the WCMA Agreement, and all other Obligations to be forthwith due and payable in full. Pursuant to the WCMA Agreement, (a) the WCMA has automatically been terminated, (b) Customer has no further right to borrow funds under the Loan Documents, either by check, federal funds wire transfer, Visa charge, FTS transfer, or otherwise, (c) MLBFS will return without notice any such debits that Customer attempts to post to the WCMA, and (d) all Obligations have been accelerated and are now immediately payable in full.

**MERRILL LYNCH BUSINESS FINANCIAL SERVICES INC.**

J.S. Suarez, Inc.
October 9, 2007
Page 2


The Customer is further notified that, unless MLBFS receives and is satisfied with, in its sole and absolute discretion, opinion and judgment, a payment on the WCMA Agreement in the amount of no less than $528,367.67; including $527,134.81 in principal, $1,232.86 in accrued interest as of October 9, 2007, plus attorney fees and all other charges allowable under the WCMA Documents, that have accrued and will continue to accrue under the Loan Documents, by October 17, 2007, MLBFS may have no other alternative but to take such lawful action as may be necessary to protect our rights in this matter, including, but not limited to, the immediate institution of appropriate liquidation proceedings to enforce our rights under applicable law and the Loan Documents. **Further, per the Loan Documents, Interest is now accruing at the "Default Interest Rate" of 7.40% plus the LIBOR 30-day Rate as described in the Loan Documents.**

Notwithstanding anything contained in this letter, including, but not limited to, the time given to make payment, this letter (i) does not in any manner constitute any waiver of either (a) any of our rights, remedies or powers pursuant to the Loan Documents or any other agreement, document or instrument or applicable law or (b) any Event of Default (howsoever defined) under the Loan Documents; and (ii) is not to be construed as an agreement by us to allow any cure periods at a later date not specifically provided for in the Loan Documents or any other applicable agreement, document or instrument.

Please govern yourselves accordingly.


Sincerely,

*Daniel J. Downs*
Daniel J. Downs
Special Accounts Supervisor



cc:

Matthew Suarez
250 E. 73rd Street
Unit 18-G
New York, NY 10021

Ramona Suarez-Rose
515 E. 83rd Street
New York, NY 10028

**UPS CampusShip: View/Print Label**

1. **Print the label(s):** Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the dotted line.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers without a Daily Pickup**
   - Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   - Hand the package to any UPS driver in your area.
   - Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS Return Services℠ (including via Ground) are accepted at Drop Boxes.
   - To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.

   **Customers with a Daily Pickup**
   - Your driver will pickup your shipment(s) as usual.

FOLD HERE



## UPS CampusShip: View/Print Label

1. **Print the label(s):** Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the dotted line.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers without a Daily Pickup**
   - Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   - Hand the package to any UPS driver in your area.
   - Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS Return Services<sup>SM</sup> (including via Ground) are accepted at Drop Boxes.
   - To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.

   **Customers with a Daily Pickup**
   - Your driver will pickup your shipment(s) as usual.

**FOLD HERE**



https://www.campusship.ups.com/cship/create?ActionOriginPair=print___PrinterPage&POPUP_...   10/9/2007

## UPS CampusShip: View/Print Label

1. **Print the label(s):** Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the dotted line.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers without a Daily Pickup**
   - Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   - Hand the package to any UPS driver in your area.
   - Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS Return Services℠ (including via Ground) are accepted at Drop Boxes.
   - To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.

   **Customers with a Daily Pickup**
   - Your driver will pickup your shipment(s) as usual.

FOLD HERE



**EXHIBIT G**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
:
MERRILL LYNCH BUSINESS FINANCIAL         :
SERVICES INC.,                           :         07 CV ____ (___)
                                         :
              Plaintiff,                 :
                                         :         **COMPLAINT**
         -against-                       :
                                         :
J.S. SUAREZ, INC., RAMONA SUAREZ, MATTHEW:
SUAREZ, and "JOHN DOE #1" THROUGH        :
"JOHN DOE #12 the last twelve names being fictitious :
and unknown To plaintiff, being persons having or :
claiming an interest in or lien upon the chattel described :
in the complaint,                        :
                                         :
              Defendants.                :
                                         :
------------------------------------------------------------------------x

      Plaintiff, Merrill Lynch Business Financial Services Inc., by its attorney, Spencer Schneider, complains of defendants as follows:

<u>Parties</u>

      1. Merrill Lynch Business Financial Services Inc. ("MLBFS") is incorporated under the laws of the State of Delaware with its principal place of business at 222 N. LaSalle Street, Chicago, Illinois 60601.

      2. Defendant J.S. Suarez, Inc. is a New York corporation with its principal place of business at 5 West 56th Street, New York, NY 10019.

      3. Defendant Ramona Suarez is domiciled at 515 East 83rd Street, Apt 2A, New York, NY 10028.

      4. Defendant Matthew Suarez is domiciled at 250 East 73rd Street, Apt 18G, New York, NY 10021.

5. Upon information and belief, defendants "John Doe #1" through "John Doe #12", are fictitious and unknown to plaintiff, being persons having or claiming an interest in or lien upon the chattel described hereinafter.

## Jurisdiction and Venue

6. Subject matter jurisdiction exists under 28 USC §1332 because there is complete diversity and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7. Venue exists under 28 USC §1391 because all defendants reside in this district.

## Facts

8. On or about June 16, 2004, J.S. Suarez, Inc. and MLBFS entered into a WCMA Loan and Security Agreement ("WCMA Note"), and MLBFS granted J.S. Suarez, Inc. a $600,000 commercial line of credit, which J.S. Suarez, Inc. promised to repay.

9. A copy of the WCMA Note is attached as Ex. A.

10. As inducement for the line of credit, J.S. Suarez, Inc. granted MLBFS a security interest in all of J.S. Suarez, Inc.'s accounts, chattel paper, contract rights, inventory, equipment, deposit accounts, documents, instruments, investment property and financial assets, wherever located, and all the proceeds thereof (the "Collateral").

11. On July 7, 2004, MLBFS filed a UCC Financing Statement with the New York Department of State, thereby perfecting its lien on the Collateral.

12. A copy of the UCC filing is attached as Ex. B hereto.

13. In order to further induce MLBFS to grant the line of credit to J.S. Suarez, Inc., on or about June 16, 2004, defendants Ramona Suarez and Matthew Suarez gave MLBFS their absolute and unconditional guaranties of J.S. Suarez, Inc.'s ("Guaranties") indebtedness under the WCMA Note. Ramona Suarez and Matthew Suarez, who are siblings, are principals of J.S.

Suarez, Inc.

14. Copies of these Guaranties are attached as Ex. C.

15. Under the WCMA Note, J.S. Suarez, Inc. promised to repay to MLBFS, upon maturity, all unpaid amounts of all monies lent by MLBFS to it, including interest and any late fees, as well as attorneys' fees incurred in collecting the loan, and it waived, inter alia, presentment, demand for payment, protest, notice of protest, and notice of dishonor, notice of acceleration, notice of intent to accelerate and all other notices and formalities.

16. Additionally, J.S. Suarez, Inc. agreed in the WCMA Note that its uncured failure to pay constitutes an "Event of Default". When an Event of Default occurs under the WCMA Note, the line of credit terminates and the full indebtedness becomes due.

17. The line of credit originally matured on June 30, 2005, but was extended subject to plaintiff's determination of the creditworthiness of J.S. Suarez, Inc.

18. On June 5, 2007, plaintiff and J.S. Suarez, Inc. entered into an amendment and extension agreement whereby the maturity of the line of credit established under the WCMA Note was extended to September 30, 2007.

19. A copy of this amendment and extension agreement is annexed as Ex. D.

20. The debt matured on September 30, 2007 making it fully due, however, J.S. Suarez, Inc. failed to repay it.

21. MLBFS sent J.S. Suarez, Inc. a demand notice on October 1, 2007 demanding repayment (Ex. E), but J.S. Suarez, Inc. failed to comply.

22. MLBFS sent J.S. Suarez, Inc. a notice of default on October 9, 2007 again demanding repayment and notifying defendants of the occurrence of an Event of Default (Ex. F), but J.S. Suarez, Inc. failed to repay the debt.

23. As of October 29, 2007, defendants owe MLBFS the sum of $226,451.14, which includes interest accrued under the WCMA Note and Guaranties through such date and late fees, exclusive of further accrued interest, and attorneys' fees which are specifically recoverable under the loan agreements.

## FIRST CAUSE OF ACTION

24. Plaintiff incorporates by reference all the allegations contained in all the paragraphs above as though fully set forth herein.

25. The indebtedness owed and guaranteed by the defendants is outstanding and due.

26. Defendants breached the WCMA Note and the Guaranties by failing to repay the entire indebtedness.

27. Plaintiff has been damaged as a result of defendants' breaches in the amount of $226,451.14, plus interest and attorneys' fees accrued in collecting the debt and court costs.

## SECOND CAUSE OF ACTION

28. Plaintiff incorporates by reference all the allegations contained in all the paragraphs above as though fully set forth herein..

29. At the time of the commencement of this action and at all relevant times, the plaintiff was, and still is, entitled to possession of the Collateral by virtue of the breach of the WCMA Note.

30. That as of the date hereof, defendants have wrongfully withheld the Collateral from the possession of the plaintiff.

31. The current aggregate value of the Collateral claimed in which plaintiff seeks possession is unknown, however, the requirement for an undertaking has been waived by defendant.

32. Plaintiff is entitled to seizure of the Collateral.

WHEREFORE, plaintiff demands, against defendants, damages in the amount of $226,451.14, plus interest, attorneys' fees accrued in collecting the debt and court costs, plus possession of the Collateral.

Dated: New York, New York
       October 31, 2007

SPENCER L. SCHNEIDER (SS-2471)

_____
Attorney for Plaintiff
70 Lafayette Street, 7th Floor
New York, NY 10013
Tel: (212) 233-7400
Fax: (212) 233-9713
sschneider@slsatty.com