UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                    :

MERRILL LYNCH BUSINESS FINANCIAL
SERVICES INC.,                                       :        07 CV 9728 (NRB)

                       Plaintiff,                          :

                     -against-                      :

J.S. SUAREZ, INC., RAMONA SUAREZ, MATTHEW  :
SUAREZ, SUAREZ NEW YORK LLC,
and "JOHN DOE #1" THROUGH "JOHN DOE #12"     :
the last twelve names being fictitious
and unknown to plaintiff, being persons having or    :
claiming an interest in or lien upon the chattel described
in the complaint,                                     :

                     Defendants.               :

------------------------------------------------------------------------x

## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN
## FURTHER SUPPORT OF ITS MOTION FOR A SEIZURE ORDER

As reflected in the opposition papers of defendant J.S. Suarez, Inc., before this action was commenced, it transferred plaintiff's collateral, which is the subject of this motion, to a new company (Suarez New York LLC) owned by the same principals, defendants Matthew and Ramona Suarez. They essentially argue that this unauthorized conveyance, which violated the loan covenants, should insulate their new business from this Court's power to grant relief. This argument is misguided:

    1. Suarez New York LLC was joined as a defendant to this action pursuant to an amended complaint,[1] has appeared in this action and is subject to the stipulated TRO

---

1 On November 26, 2007, plaintiff filed its amended complaint (Docket No. 18) as a matter of right, under FRCP Rule 15(a) before defendants responded to it. Plaintiff also proceeded as a matter of right, when it named the additional defendant in the amended complaint. See *Washington v. New York City Bd. Of Estimate,* 709 F.2d 792, 796-97 (2d Cir. 1983), *cert denied,* 464 U.S. 1013 (1983).

entered herein on November 27, 2007. Defendant admits that at least $200,000 in collateral was transferred to the new business; now that it is a defendant, there is nothing preventing this Court from entering relief against it.

2. The shutting down of J.S. Suarez, Inc., and the bulk transfer of its collateral-inventory to Suarez New York LLC by the principal defendants, without notice to plaintiff, violates the following explicit terms of the WCMA Note:

   a. The collateral shall remain at the location of the business. (WCMA Note ¶ 3.1(i) (Ex. A to Downs Dec.).) (Defendants moved their store from Park Avenue to 56th Street.)

   b. The defendant J.S. Suarez, Inc. shall not "cease operating" or "cause or permit any other Person to assume or succeed to any material business or operations." (WCMA Note ¶ 3.3(g).)

   c. Except in the ordinary course of business, defendant J.S. Suarez, Inc. may not "sell, transfer, or otherwise dispose of any Collateral". (WCMA Note ¶ 3.4(d).)

3. Defendants claim that the seizure of plaintiff's collateral will "disrupt" the business should be rejected. Defendants engaged in an unauthorized transfer and plaintiff should be entitled to seize the collateral wrongfully transferred. There is no statutory or caselaw authority to support defendants' assertion that the court should weigh "equities" when a creditor has, as plaintiff has here, established all requirements for an order of seizure under CPLR §7102, particularly when defendants have failed to articulate a *bona fide* defense to plaintiff's meritorious claim.[2] Further, under the federal court standard for

---

2 Under New York law, an otherwise meritorious application for an order of seizure may only be defeated by a showing of a good faith defense. *See East Side Car Wash v. K.R.K. Capitol, Inc.*, 102 A.D.2d 157 (1st

injunctive relief, which defendants ask this court to apply, a weighing of hardships does not occur when the movant establishes, as plaintiff has here, a likelihood of success on the merits. *See Sperry Inter. Trade v. Government of Israel*, 670 F.2d 8, 11 (2d Cir. 1982). Indeed, in their own papers, (a) defendants admit the operative loan documents; (b) that the now defunct J.S. Suarez, Inc., defaulted under the WCMA Note, and is indebted to plaintiff for approximately $200,000; (c) that a judgment against J.S. Suarez, Inc., will likely be worthless; and, (d) that under the WCMA Note, plaintiff is entitled to foreclose on the collateral.

4. Even if this court were to weigh hardships, defendants, who come to court with unclean hands, cannot prevail. Defendants' plea for equity is made not for the party with whom plaintiff contracted, it is made on behalf of defendants' new company, the knowing recipient of a fraudulent conveyance.[3] Furthermore, it is plaintiff who would suffer hardship and irreparable harm if the seizure order is not granted, because a money judgment against J.S. Suarez, Inc., will likely be worthless, and plaintiff's collateral (as admitted by defendants) is being depleted.[4]

---

Dep't 1984).

[3] The bulk transfer of J.S. Suarez, Inc.'s inventory to Suarez New York LLC, without notice to plaintiff and in violation of the WCMA Note, without any apparent consideration, at a time when it appears the J.S. Suarez, Inc. was insolvent, was fraudulent. Under New York Debtor & Creditor Law §273, a conveyance is fraudulent, without regard to intent, if it is made without fair consideration by a debtor who is insolvent, or rendered insolvent by the conveyance. *See Pashaian v. Eccelston Properties, Ltd.*, 88 F.3d 77, 82 (2d Cir. 1996); *see also Cadle Co. v. Newhouse*, 74 Fed.Appx. 152, 2003 WL 22114477 (2d Cir. 2003) (under New York law, transferee of fraudulent conveyance is liable to creditor of transferor).

[4] In 1978, the word "may" replaced the word "shall" in the first sentence of subsection (d) of CPLR §7102, to provide courts with discretion as to whether an order of seizure should be granted. New York courts have interpreted this change as enabling them to weigh the requirement that a movant show (also under subsection (d)) a likelihood of success on the merits, a requirement also added in 1978. *See Morning Glory Media, Inc. v. Enright*, 100 Misc.2d 872, 879-80 (Sup. Ct., Monroe Ct. 1979). Although CPLR §7102 has a distinct and different set of requirements for an order of seizure than the requirements under CPLR §6301 for a preliminary injunction, a few lower federal courts have interpreted the 1978 amendment to require movants to also meet the requirements for an injunction when applying for an order of seizure under CPLR §7102. *See, e.g., Airlines Reporting Corp. v. Omnia*, 1986 WL 4900 at *4 - *5.

## Conclusion

For the reasons stated above, it is respectfully requested that plaintiff's motion be granted.

Dated: New York, New York
       December 10, 2007

SPENCER L. SCHNEIDER (SS-2471)

_____
Attorney for Plaintiff
70 Lafayette Street, 7th Floor

SPENCER L. SCHNEIDER (SS-2471)

/s/ Spencer L. Schneider

Attorney for Plaintiff
70 Lafayette Street, 7th Floor
New York, NY 10013
Tel: 212-233-7400
Fax: 212-233-9713
sschneider@slsatty.com

---

However, there is at least one federal court decision rejecting this analysis. *See Barlow Lane Holdings Ltd. v. Applied Carbon Technology, Inc.*, 2004 WL 1792456 (W.D.N.Y. 2004) (order of seizure granted under CPLR §7102, but injunction denied for lack of irreparable harm). Further, there appears to be no reported New York State court decision adopting the approach used in *Airlines Reporting Corp v. Omnia, supra. See, e.g., Coffee Trade Services, Inc. v. Contitrade Services Corp.*, 193 A.D.2d 411 (1st Dep't 1993) (application for both order of seizure and injunction resolved by reference to separate statutory standards). Moreover, there is nothing in the legislative history for the 1978 amendment to CPLR §7102 suggesting that it was intended to in any way to defeat secured creditors' contractual rights to foreclose on collateral upon default in payment. CPLR §7102 merely provides peaceable means for enforcing such rights upon a showing of a superior right to possession.